**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JUAN RENE BAQUIAX; HECTOR DE LA CRUZ-REYES, aka Ernesto Rene Baquiax-Tun, <br><br> Petitioners, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 07-72153 <br><br> Agency Nos.A070-934-660 <br> A095-122-210 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted August 31, 2011
Pasadena, California

Before: SCHROEDER and GOULD, Circuit Judges, and McCUSKEY, Chief
District Judge.**

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*      The Honorable Michael Patrick McCuskey, Chief United States
District Judge for the Central District of Illinois, sitting by designation.

Juan Rene Baquiax, and derivatively his son Ernesto Rene Baquiax-Tun, natives and citizens of Guatemala, petition for review of a decision of the Board of Immigration Appeals ("BIA") dismissing their appeal of an Immigration Judge's ("IJ") denial of their applications for asylum, withholding of removal, and protection under the Convention Against Torture. Petitioners asserted past persecution and a fear of future persecution on account of Baquiax's former military and police service. The BIA affirmed the IJ's denial of relief on adverse credibility grounds. This court reviews adverse credibility findings under the substantial evidence standard. *Chawla v. Holder*, 599 F.3d 998, 1001 (9th Cir. 2010). An adverse credibility finding "will be upheld unless the evidence compels a contrary result." *Id.* (quoting *Don v. Gonzales*, 476 F.3d 738, 741 (9th Cir. 2007)).

The BIA found that the adverse credibility finding was supported by the record, pointing specifically to discrepancies in the petitioner's testimony regarding petitioner's service in the military and national police. The BIA also pointed to discrepancies between the petitioner's application and his testimony. For example, the application described a dramatic raid by the guerillas on the petitioner's town, but his testimony failed to mention it, even when he was questioned on the events of that year by the IJ. Such omissions lend support to the

adverse credibility finding.  *See Alvarez-Santos v. INS*, 332 F.3d 1245, 1254 (9th Cir. 2003).  Petitioner was given ample opportunity to explain the discrepancies in his testimony but provided no coherent explanation.

Moreover, there is no indication that the discrepancies and inconsistencies were the product of an unscrupulous application preparer or the petitioner's poor grasp of English.  The petitioner had multiple opportunities to explain and correct the flaws in both the application and the testimony.

The petition for review is **DENIED**.